IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

APR 2 0 2016

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | |
|---|---|
| AARON HOLT, AS TRUSTEE FOR FORESTWOOD TRUST, | § § § |
| Plaintiff, | § § |
| VS. | § § |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE, IN TRUST FOR THE REGISTERED HOLDERS OF MORGAN STANLEY ABS CAPITAL I INC. TRUST 2004-HE2, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2004-HE2, | § § § § § § § § § |
| Defendant. | § § |

NO. 4:16-CV-196-A

<u>MEMORANDUM OPINION AND ORDER</u>

Came on for consideration the motion of defendant, Deutsche Bank National Trust Company, As Trustee, in Trust for the Registered Holders of Morgan Stanley ABS Capital I Inc. Trust 2004-HE2, Mortgage Pass-Through Certificates, Series 2004-HE2, to dismiss the above-captioned action. The court, having considered the motion,[1] the record, and applicable authorities, finds that the motion to dismiss should be granted.

---

[1] On March 11, 2016, the court's standing order was entered reminding parties that a response to a motion and brief must be filed within twenty-one days from the date the motion is filed in compliance with Local Rule LR 7.1(e). Doc. 3. To date, plaintiff, Aaron Holt, as Trustee for Forestwood Trust, has filed no response. The "Doc. _" references are to the numbers assigned to the referenced documents on the docket of this case, No. 4:16-CV-196-A.

I.

## Background

Plaintiff, Aaron Holt, as Trustee for Forestwood Trust,
initiated this action on February 26, 2016, by filing an original
petition in the 96th Judicial District of Tarrant County, Texas.
On March 11, 2016, defendant removed the action to federal court
on the basis of diversity of citizenship jurisdiction. On March
18, 2016, defendant filed the motion to dismiss. Plaintiff's
petition seeks a declaratory judgment and injunctive relief
against defendants attempted foreclosure on a property in which
plaintiff claims an interest.

II.

## The Motion to Dismiss

Defendant seeks dismissal of plaintiff's claims for failure
to state a claim upon which relief may be granted. Defendant
claims that plaintiff pleads no underlying cause of action upon
which to seek declaratory and injunctive relief. In addition, to
the extent that plaintiff has attempted to assert a cause of
action for an equitable right of redemption, plaintiff has failed
to state a claim upon which relief may be granted.

2

III.

### Motion to Dismiss Standard

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable federal standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555 (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. Id. at 555, 578 n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Iqbal, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim, the facts pleaded must allow the court to infer that plaintiff's right to relief is plausible. Id. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with

3

unlawful conduct are insufficient. Twombly, 550 U.S. at 566-69.

"Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

IV.

### Application of Law to Facts

After a study of plaintiff's first amended petition filed in state court and a review of the applicable legal authorities, the court has concluded that none of the relief sought by plaintiff would survive a motion to dismiss for failure to state a claim upon which relief may be granted. Plaintiff's claims against defendant are wholly conclusory.

1.   Equitable Right of Redemption

The court questions whether plaintiff is even attempting to assert a claim for equitable right of redemption, but, in an abundance of caution, the court reviews the first amended petition as if plaintiff has attempted to assert a claim for equitable right of redemption. A right of redemption is a right to pay the full amount owed on a mortgage to redeem a property subject to foreclosure within a reasonable time of default. Scott v. Dorothy B. Schneider Estate Tr., 783 S.W.3d 26, 28 (Tex. App.-Austin, 1990, no writ). To state a claim for equitable right of redemption, plaintiff must show it: "(1) has an equitable or

4

legal right to the property; (2) based on the interest in the property, would suffer a loss from foreclosure; and (3) is ready, able or willing to redeem the propert[y] in controversy by paying off the amount of valid and subsisting liens to which the propert[y] [is] subject." 330 Cedron Tr. v. Citimortgage, Inc., No. SA-14-CV-933-XR, 2015 WL 1566058, at *3 (W.D. Tex. Apr. 8, 2015) (citing Scott, 783 S.W.3d at 28) (internal quotation omitted). The party seeking to exercise the right of redemption must also be willing to pay the expenses that the mortgagee has expended in association with the default. Id.

Plaintiff merely states that it is able, willing and ready to satisfy encumbrances. Doc. 1 at Ex. 3 at 3. Plaintiff provides no information or facts regarding "the value of such lien, how [it] would pay, its own net worth or assets, etc." See 330 Cedron Trust, No. SA-14-CV-933-XR, 2015 WL 1566058, at *3. Plaintiff also provides no information indicating it is willing to pay the expenses that defendant has incurred in association with the default. Thus, based on the conclusory allegations pleaded the court cannot infer that plaintiff's right to relief is plausible. See Iqbal at 678.

2.   Request for Declaratory Relief

Plaintiff also seeks a number of declarations as to the parties' rights and obligations. A declaratory judgment action requires the parties to litigate some underlying claim or cause

of action. The declaratory judgment is not itself a cause of action, only a form of relief the court may grant. See Collin Cnty., Tex. v. Homeowners Ass'n for Values Essential to Neighborhoods, (HAVEN), 915 F.2d 167, 171 (5th Cir. 1990). Here, the court has dismissed the only underlying claim or cause of action potentially stated by plaintiff, leaving nothing on which to base plaintiff's request for declaratory relief.

    3.   Request for Injunctive Relief

Because the court has dismissed plaintiff's only potential underlying claim or cause of action, there is nothing on which to base plaintiff's request for injunctive relief.

V.

Order

Therefore,

The court ORDERS that the motion to dismiss of defendant be, and is hereby, granted, and that plaintiff's claims against defendant be, and are hereby, dismissed.

SIGNED April 20, 2016.

_____
JOHN McBRYDE
United States District Judge

6